UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) YUNIOR RAFAEL PENA BRITO,<br>(2) SAMUEL PENA BRITO,<br>(3) BRAYAN MINEL GERMAN,<br>(4) JEFERSSON CRUZ SANTOS,<br>(5) JESTNIN LARA SOTO, and<br>(6) REYNALDO SARIEMENTO CRISPIN,<br><br>Defendants | Criminal No. 24cr10343<br><br>Violation:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine, 400 grams or More of Fentanyl, and Cocaine<br>(21 U.S.C. § 846)<br><br>Forfeiture Allegation:<br>(21 U.S.C. § 853) |

## INDICTMENT

### COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
500 Grams or More of a Mixture and Substance Containing Methamphetamine,
400 Grams or More of Fentanyl, and Cocaine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about June 2024 through on or about October 8, 2024, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1) YUNIOR RAFAEL PENA BRITO,
(2) SAMUEL PENA BRITO,
(3) BRAYAN MINEL GERMAN,
(4) JEFERSSON CRUZ SANTOS,
(5) JESTNIN LARA SOTO, and
(6) REYNALDO SARIEMENTO CRISPIN,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(vi) and (viii) are applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (1) YUNIOR RAFAEL PENA BRITO and (2) SAMUEL PENA BRITO. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendants (1) YUNIOR RAFAEL PENA BRITO and (2) SAMUEL PENA BRITO.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (1) YUNIOR RAFAEL PENA BRITO, (3) BRAYAN MINEL GERMAN, (4) JEFERSSON CRUZ SANTOS, (5) JESTNIN LARA SOTO, and (6) REYNALDO SARIEMENTO CRISPIN. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to defendants (1) YUNIOR RAFAEL PENA BRITO, (3) BRAYAN MINEL GERMAN, (4) JEFERSSON CRUZ SANTOS, (5) JESTNIN LARA SOTO,

and (6) REYNALDO SARIEMENTO CRISPIN.

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

> (1) YUNIOR RAFAEL PENA BRITO,
> (2) SAMUEL PENA BRITO,
> (3) BRAYAN MINEL GERMAN,
> (4) JEFERSSON CRUZ SANTOS,
> (5) JESTNIN LARA SOTO, and
> (6) REYNALDO SARIEMENTO CRISPIN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following assets:

   a. HS PRODUKT (IM METAL) Model XDE cal. 9 pistol bearing serial number HE928459, seized from JESTNIN LARA SOTO on October 8, 2024;

   b. Six (6) rounds of assorted 9mm cal. ammunition seized from JESTNIN LARA SOTO on October 8, 2024;

   c. Eight (8) rounds of assorted 9 cal. ammunition seized from JESTNIN LARA SOTO on October 8, 2024.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
LEAH B. FOLEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November __7__, 2024
Returned into the District Court by the Grand Jurors and filed.

_____  11/07/2024
DEPUTY CLERK